**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**--------------------------------------------------------X**

GUSTO RECORDS, INC.

Plaintiff,

v.

43 NORTH BROADWAY LLC,
JOHN DOES 1 THROUGH 5
and XYZ CORPORATIONS 1 THROUGH 5

Defendants.

**--------------------------------------------------------X**

Civil Action No. 7:25-cv-00569-PMH

**REPLY TO COUNTERCLAIMS**
**WITH AFFIRMATIVE DEFENSES**

Plaintiff Gusto Records, Inc. ("Plaintiff" or "Gusto"), by and through their attorneys, for their Complaint against Defendants, respectfully submits the following Reply with Affirmative Defenses to the Answer to Amended Complaint with Affirmative Defenses and Counterclaims of Defendant 43 North Broadway, LLC ("Defendant" or "43 North"), dated April 15, 2025 (Doc. No. 21, the "Counterclaims"), as set forth below:

## COUNTERCLAIMS[1]

### Parties and Background

1. Gusto admits the allegation contained in Paragraph 1 of the Counterclaims.

2. Gusto admits the allegation contained in Paragraph 2 of the Counterclaims.

[1] Gusto reproduces the headers as set forth in the Answer to Amended Complaint with Affirmative Defenses and Counterclaims (Doc. No. 21). Any reference to these headers should not be taken as an admission of any fact asserted therein.

**Jurisdiction and Venue**

3. As the allegations in Paragraph 3 of the Counterclaims contain legal arguments or conclusions, no response is required. Gusto notes, however, that to the extent that the Counterclaims fail to allege proper statutory registration of the copyrights in question, this Court lacks jurisdiction over the infringement action. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994).

4. Gusto admits that this Court has jurisdiction over it, as alleged in Paragraph 4 of the Counterclaims, but denies that Gusto has "committed tortious acts," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained therein.

5. Gusto admits that venue is proper in the U.S. District Court for the Southern District of New York, as alleged in Paragraph 5 of the Counterclaims.

**Facts Common to all Counterclaims**

6. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaims.

7. In response to the allegations contained in Paragraph 7 of the Counterclaims, Gusto admits that it is the owner of a large catalog of original sound recordings that have been acquired over the past 50+ years and that over the decades Gusto has been active in all facets of the music business, including licensing sound recordings for use by third parties in all types of music related products, as well as for synchronization in movies, television shows, television commercials, and video games. To the extent that the allegations in Paragraph 7 limit, expand, alter or attempt to mischaracterize these facts, Gusto denies them.

8. Gusto denies knowledge or information as to the truth of the allegations contained in Paragraph 8 of the Counterclaims, except admits that Gusto distributes sound recordings and that certain royalty revenue derived from these sound recordings is processed and paid through a company called SoundExchange.

9. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaims.

10. Gusto denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Counterclaims.

11. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaims.

12. Gusto denies the allegations contained in Paragraph 12 of the Counterclaims.

13. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaims.

14. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaims. Gusto notes, additionally, that while 43 North appears to be citing to a specific document, that document has not been attached nor made part of the Counterclaims. The terms of that document, if it exists, speak for itself.

15. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims. Gusto notes, additionally, that while 43 North appears to be citing to a specific document, that document has not been attached nor made part of the Counterclaims. The terms of that document, if it exists, speak for itself.

16. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaims. Gusto notes, additionally, that while 43 North appears to be citing to a specific document, that document has not been attached nor made part of the Counterclaims. The terms of that document, if it exists, speak for itself.

17. Gusto denies the allegations contained in Paragraph 17 of the Counterclaims

18. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Counterclaims.

19. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Counterclaims.

20. Gusto denies the allegations contained in Paragraph 20 of the Counterclaims.

**Count I: Declaratory Judgment**

21. Gusto incorporates its responses to Paragraphs 1-20 of this Reply as if fully set forth herein.

22. As the allegations in Paragraph 22 of the Counterclaims contain legal arguments or conclusions, no response is required.

23. Gusto denies the allegations contained in Paragraph 23 of the Counterclaims.

24. Gusto denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Counterclaims.

25. Gusto denies the allegations contained in Paragraph 25 of the Counterclaims.

26. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Counterclaims.

27. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Counterclaims.

**Count II: Copyright Infringement**

28. Gusto incorporates its responses to Paragraphs 1-27 of this Reply as if fully set forth herein.

29. Gusto denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Counterclaims.

30. Gusto denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Counterclaims.

31. As the allegations in Paragraph 31 of the Counterclaims contain legal arguments or conclusions, no response is required.

32. Gusto denies the allegations contained in Paragraph 32 of the Counterclaims.

33. Gusto denies the allegations contained in Paragraph 33 of the Counterclaims.

34. Gusto denies the allegations contained in Paragraph 34 of the Counterclaims.

35. Gusto denies the allegations contained in Paragraph 35 of the Counterclaims.

36. Gusto denies the allegations contained in Paragraph 36 of the Counterclaims.

**GENERAL DENIAL AND DEFENSES**

Each numbered paragraph in this Reply responds to the identically numbered paragraph in the Counterclaims. Plaintiff denies any and each allegation, inference, declaration, claim, inference, or assertion in the Counterclaims that is not specifically and explicitly admitted in this Reply.

In addition, Plaintiff further propounds the following separate and additional defenses and, in so doing, Plaintiff in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of the additional defenses set forth herein.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the copyright infringement claims in the Counterclaims as Defendant has failed to allege proper statutory registration of the copyrights in question. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)*, aff'd,* 23 F.3d 398 (2d Cir. 1994).

**THIRD AFFIRMATIVE DEFENSE**

The copyright infringement claims set forth in the Counterclaims fail to meet the basic pleading requirements of Fed. R. Civ. P. 8, as they fail to state, *inter alia,* which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright. *See, Id.; Calloway v. The Marvel Entertainment Group,* 1983 WL 1141, *3 (S.D.N.Y.1983).

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred for lack of standing, in whole or in part, to the extent that it has failed to properly allege ownership of valid copyrights which have been registered in compliance with the statute.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim for statutory damages is barred, in whole or in part, to the extent that, when measured against any actual damage suffered by Defendant, such damages would be excessive, unreasonable, disproportionate and speculative.

## NINTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred or limited, in whole or in part, because Plaintiff has not willfully infringed any intellectual property or other rights owned by Defendant and because Plaintiff has acted in good faith.

## TENTH AFFIRMATIVE DEFENSE

Defendant's losses, if any, should be limited to actual damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim for actual damages (if any) is barred, in whole or in part, because Defendant has failed to allege any purported actual damages with requisite particularity, and because such damages are speculative.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not entitled to recover any of Plaintiff's profits because such profits, if any, are not attributable to any alleged infringement and would be duplicative of Plaintiff's purported actual damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's claims for injunctive and other equitable relief are barred, in whole or in part, because Defendant will not suffer any irreparable injury if such requested relief is denied and/or because Defendant has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Without in any way admitting that Plaintiff's conduct was unlawful or wrongful or that Defendant was in any way damaged by any conduct of Plaintiff, Defendant is barred from recovery because of Defendant's failure to mitigate or eliminate its damages, if any, and any recovery by Defendant in this action should be reduced or denied accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's request for damages or other money recovery are barred, in whole or in part, because any such recovery would unjustly enrich Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that any loss, injury or damage occurred as Defendant alleges, which Plaintiff denies, such loss, injury or damage was proximately caused and contributed to by persons or entities other than Plaintiff. Such other causation was an intervening and superseding cause of the purported loss, injury or damages of which Defendant complains.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant's claims and prayer for relief are barred, in whole or in part, because Defendant's damages, if any, are vague, uncertain, imaginary or speculative.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred, in whole or in part, because Defendant has not sustained any damages as a result of any act or omission by Plaintiff or purportedly chargeable to Plaintiff.

**ADDITIONAL DEFENSES**

Plaintiff hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Counterclaims, it is unable to determine whether it has additional defenses or claims not expressly enumerated in the preceding paragraphs or elsewhere in this Reply. Plaintiff reserves its right to amend its Reply, to assert additional defenses or claims and to rely upon those additional defenses and claims to the extent they become available or apparent during discovery or further proceedings in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendant as follows:

a. Dismissing Defendant's Counterclaims in their entirety with prejudice and that judgment be entered in favor of Plaintiff;

b. Awarding Defendant no damages or fees;

c. Awarding Plaintiff the costs of suit, including attorney's fees, incurred in the defense of these Counterclaims; and

d. Awarding such other and further relief to Plaintiff as it deems just and proper.

Dated: May 2, 2025
New York, New York

IVAN A. SAPERSTEIN P.C.

By: *<u>/S/ Ivan A. Saperstein</u>*
Ivan A. Saperstein.
494 Eighth Avenue, 6th Floor
New York, NY 10001
Tel. (212) 321-7081
ivan@ivansaperstein.com
*Attorneys for Plaintiff*

*To: All counsel of record (via ECF)*